UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN MARTIN GREEN,                          )<br>                                                         )<br>                    Plaintiffs,            )<br>                                                         )<br>vs.                                                     )<br>                                                         )<br>WAL-MART STORES, INC.,               )<br>                                                         )<br>                    Defendant.          )<br>_____) | 2:13-cv-00244-GMN-NJK<br><br>**O R D E R** |

Before the Court is the Defendant's Emergency Motion to Compel Plaintiff to Appear for Deposition, to Serve Rule Compliant Discovery Responses and to Extend Discovery Deadline (#10).  The Court has considered the Defendant's Motion (#10), and the Plaintiff's Response (#12).

**BACKGROUND**

On June 8, 2013, the Defendant filed the present motion indicating that the Plaintiff had failed to participate in discovery. Docket No. 10.  The Defendant sought emergency consideration because the expert disclosure deadline in this case is June 13, 2013. *Id*.  On June 10, 2013, the Court issued an Order requiring the Plaintiff to respond to the Defendant's motion by June 11, 2013, and making the reply due by June 12, 2013. Docket No. 11. The Court also set a hearing on this matter for June 13, 2013. *Id*.

On June 11, 2013, the Plaintiff filed his response. Docket No. 12. The response indicates that Counsel agrees that discovery must be produced and that the delay was due to the difficulty of contacting the Plaintiff, who currently does not have an address or telephone number. *Id*.

**MEET AND CONFER**

The initial inquiry with any motion to compel, is whether the moving party made adequate meet and confer efforts.   Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party."  Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after  personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. This Court has previously held that personal consultation means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.

Here, there was no meet and confer. The Plaintiff agrees that discovery is due and has represented to the Court that he will make the necessary productions as well as appear for a deposition. Therefore, no dispute that requires Court intervention exists. Had the Defendant's counsel met and conferred with the Plaintiff's counsel, the parties could have resolved this matter without Court intervention.  For that reason, the Court denies this motion, including the Defendant's request for costs and fees. Costs and fees would have been avoided had the Defendant conducted a proper meet and confer.

Nevertheless, considering that the Plaintiff has completely failed to participate in discovery thus far, the Defendant was substantially justified in filing this motion. Thus, it is also

not appropriate to impose Rule 37 sanctions on the Defendant. *See* Fed.R.Civ.P. 37.

Finally, the Court notes that the Plaintiff has represented to the Court that he will provide the requested discovery. Docket No. 12. Failure to participate in discovery may result in the recommended dismissal of this case.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Defendant's Emergency Motion to Compel Plaintiff to Appear for Deposition, to Serve Rule Compliant Discovery Responses and to Extend Discovery Deadline (#10) is DENIED without prejudice.

IT IS FURTHER ORDERED that the June 12, 2013, Reply deadline is VACATED.

IT IS FURTHER ORDERED that the June 13, 2013, hearing is VACATED.

DATED this  12th   day of June, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge