UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MARTIN GREEN,<br><br>               Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>               Defendant. | 2:13-cv-00244-GMN-NJK<br><br>**O R D E R** |

Before the Court is the Defendant's Emergency Motion to Compel Plaintiff to Appear for His Deposition (#18). The Court has considered the Defendant's Motion (#18), the Plaintiff's Limited Opposition (#20), and the Defendant's Reply (#21). The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

**BACKGROUND**

According to the Defendant, the parties agreed to conduct the Plaintiff's deposition on April 24, 2013. However, the Plaintiff did not timely respond to the Defendant's written discovery requests, so the parties agreed to reschedule the deposition to May 16, 2013. Nevertheless, on May 14, 2013, Plaintiff's counsel advised that the Plaintiff would most likely not attend the scheduled deposition because she had not been able to contact the Plaintiff and he did not appear for his pre-deposition meeting with counsel.

On June 8, 2013, the Defendant filed a motion to compel indicating that the Plaintiff had failed to appear at his deposition and to produce rule-compliant discovery responses. Docket No. 10.  The Defendant sought emergency consideration because the expert disclosure deadline at

1  that time was June 13, 2013. *Id*. On June 10, 2013, the Court issued an Order requiring the
2  Plaintiff to respond to the Defendant's motion by June 11, 2013, and making the reply due by
3  June 12, 2013. Docket No. 11. The Court also set a hearing on this matter for June 13, 2013. *Id*.

4  On June 11, 2013, the Plaintiff filed his response. Docket No. 12. The response indicated
5  that Plaintiff's counsel agreed that discovery needed to be produced and that the delay was due to
6  the difficulty of contacting the Plaintiff, who did not have an address or telephone number. *Id*.

7  On June 12, 2013, after reviewing the parties' briefing, the Court denied, without
8  prejudice, the Defendant's Emergency Motion to Compel. Docket No. 15. The Defendant did not
9  adequately certify that the parties met and conferred prior to filing the motion and the Plaintiff
10 agreed he needed to produce the discovery requested by the Defendant. Docket No. 15. The
11 Court found that "[h]ad the Defendant's counsel met and conferred with the Plaintiff's counsel,
12 the parties could have resolved this matter without Court intervention." *Id*. Moreover, the Court
13 noted that the Plaintiff had represented to the Court that he would provide the requested
14 discovery. The Court warned the Plaintiff that failure to participate in discovery may result in the
15 recommended dismissal of this case. *Id*.

16 Subsequently, and pursuant to the Court's Order, on June 19, 2013, the parties met and
17 conferred in an attempt to resolve the Plaintiff's prior failure to participate in discovery. Docket
18 No. 18, at 4. The parties agreed to extend the Defendant's expert disclosure deadline to August
19 12, 2013, and the discovery deadline to October 11, 2013. Docket No. 16. The Court approved
20 the parties' stipulation on June 25, 2013. Docket no. 17. The parties also agreed to conduct the
21 Plaintiff's deposition on June 28, 2013.[1] *See* Stipulation to Extend Discovery Deadlines, Docket
22 No. 16, at 1. However, despite stipulating to the date, the Plaintiff again failed to appear at his
23 deposition. Docket No. 18 and 20.

24 On July 31, 2013, the Defendant filed the present motion seeking a court order requiring
25 the Plaintiff to appear for deposition within one week of the Court's order and sanctioning the

---

[1] The Plaintiff's limited opposition states that the "Defendant unilaterally re-noticed Plaintiff's deposition for June 28, 2013." Docket No. 20, at 2. However, On June 24, 2013, the parties submitted a stipulation to the court which stated that the parties stipulated to conducting the Plaintiff's deposition on June 28, 2013.

1  Plaintiff in the form of reasonable expenses and attorney's fees or, alternatively, dismissal
2  sanctions. Docket No. 18. On August 5, 2013, the Plaintiff filed a limited opposition indicating
3  that he agreed he needed to appear for deposition, and requesting that the Court not impose
4  sanctions. Docket No. 20.  According to the Plaintiff, he has failed to appear for his prior
5  depositions due to his economic circumstances which make it difficult for his counsel to contact
6  him regarding deposition scheduling.[2] In an effort to remedy his past failures, the Plaintiff sent
7  notice to the Defendant indicating that he is available to appear for deposition on August 20,
8  2013, or another date convenient for Defendant's counsel.

## DISCUSSION

### I.   The Plaintiff Must Appear for Deposition

The Plaintiff does not oppose the Defendant's request for a Court order requiring him to appear for his deposition.[3]  Additionally, the parties have agreed to a deposition date of August 20, 2013. Accordingly, the Court hereby grants the Defendant's request and orders the Plaintiff to appear for deposition on August 20, 2013.

In light of the Plaintiff's prior discovery failures, including late disclosures and failing to attend two scheduled depositions, the Court warns the Plaintiff that failure to appear to appear at this deposition and/or comply with any of the Court's discovery orders may result in sanctions up to and including case dispositive sanctions.   Fed. R. Civ. P. 37(b)(2); *see also Hester v. Vision Airlines*, 687 F.3d 1162, 1169-71 (9th Cir. 2012).

### II.   Sanctions

Pursuant to Fed.R.Civ.P. 37(d)(3), if a party fails to attend his own deposition,

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

---

[2] The Plaintiff does not have a telephone or permanent residence.

[3] The Plaintiff has also failed to cite any case or authority in response to the Defendant's motion. Pursuant to LR 7-2, that omission constitutes a consent to the granting of the motion. *See* LR 7-2.

1  Here, the Plaintiff has failed to attend two scheduled depositions. Accordingly, sanctions
2  are appropriate. However, the Plaintiff has argued that his economic circumstances, including his
3  lack of a telephone or address, have made it difficult for him to communicate with his attorney
4  and to receive notice of depositions and other deadlines. These circumstances make an award of
5  expenses on the Plaintiff unjust. Considering that the Plaintiff cannot afford a phone or residence,
6  it is unlikely that he can afford Walmart's attorney's fees.

7  However, there is no indication that an award of expenses imposed on Plaintiff's counsel
8  would be unjust. Plaintiff's counsel has been aware of the communication difficulties between
9  counsel and the Plaintiff since the onset of this case and, at the expense of Walmart and the
10  Court's time, has apparently not taken sufficient steps to remedy those difficulties. Additionally,
11  the Court is troubled by the Plaintiff's counsel representation that the Defendant unilaterally
12  scheduled depositions when the stipulation signed by both parties clearly shows otherwise.
13  Further, as Walmart pointed out in its motion, the parties cannot continue to extend deadlines in
14  hopes that the Plaintiff will finally decide to prosecute his case. Therefore, the Defendant must
15  resubmit its request for sanctions, including the costs and fees associated with the two prior
16  missed depositions and bringing this motion. Defendant's counsel must support this request with
17  appropriate documentation no later than August 15, 2013.

18  Before awarding sanctions, however, the Court will allow the Plaintiff's counsel an
19  opportunity to be heard. Plaintiff's counsel must show cause in writing no later than August 22,
20  2013, why sanctions in the amount of Walmart's costs and fees incurred as a result of the
21  Plaintiff's failure to appear for his prior depositions should not be imposed.[4]

22  Additionally, in order to prevent any future discovery delays caused by the
23  communication failures between Plaintiff and Plaintiff's counsel, the Court orders the Plaintiff to
24  contact his counsel twice weekly during normal business hours. Plaintiff's counsel must log the
25  date and time of all communication with the Plaintiff for the purpose of documenting compliance
26  with this Court's order.

27
28  [4]The Defendant has requested dismissal sanctions in the alternative, but has not fully briefed this request. Accordingly, this request is denied without prejudice.

- 4 -

### III.     Request to Extended Deadlines

The Defendant brought this motion on an emergency basis arguing that since the expert disclosure deadline is August 12, 2013, and because the Plaintiff again failed to appear for his June 28, 2013, deposition, the Defendant is in the same position it was in before the parties extended the deadlines in an effort to correct the Plaintiffs failure to appear for his May 16, 2013, deposition. Thus, in its Reply, the Defendant requests to extend the deadlines an additional 45 days from August 20, 2013.[5]

The Court finds that the approaching deadlines are an emergency of the Defendant's own making. The missed deposition giving rise to the present motion was set for June 28, 2013, yet the Defendant waited until July 31, 2013, to file its motion to compel. The Defendant provides no explanation for the delay. In these circumstances, the Court exercises its discretion to find that the motion to compel did not constitute an emergency. *See, e.g.*, *Picard v. Wal-Mart Stores, Inc.*, 12-cv-1907 (D.Nev. June 13, 2013) (order finding protective order filed nearly three weeks after dispute arose was not an emergency); citing *Tzvetanova v. Wal-Mart Stores, Inc.*, 12-cv-2069-RCJ-CWH, Docket No. 29 (D. Nev. Apr. 30, 2013) (minute order finding that Wal-Mart's motion for protective order filed one day before scheduled Rule 30(b)(6) deposition would not be considered an emergency). Nevertheless, in an effort to move this case along, the Court shortened the briefing schedule and issued this Order within eight days of the filing of the motion to compel. However, since the motion to compel was not an emergency, the request to extend deadlines also cannot be considered an emergency.

Additionally, "[t]he Court does not and will not make a practice of addressing the merits of issues first raised in a reply, as the opposing party is not afforded any opportunity to respond to new issues raised in a reply, which is ordinarily the last document submitted prior to the Court's ruling on a motion." *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1204 fn. 1 (D. Nev. 2009)*, citing Knapp v. Miller,* 873 F.Supp. 375, 378 n. 3 (D.Nev.1994); *see United States v. Bohn,* 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (noting that courts generally decline to

---

[5]The Defendant did not request the extended deadlines in its initial motion.

1  consider arguments raised for the first time in a reply brief). The Defendant must meet and confer
2  with the Plaintiff in an attempt to resolve this issue without Court intervention. *See* LR 26-7(b)
3  (Discovery motion will not be considered unless a statement of the movant is attached thereto
4  certifying that, after  personal consultation and sincere effort to do so, the parties have not been
5  able to resolve the matter without Court action.); *see also ShuffleMaster, Inc. V. Progressive*
6  *Games, Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996) (Holding that personal consultation means the
7  movant must "personally engage in two-way communication with the nonresponding party to
8  meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial
9  intervention); see also  *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL
10 1726558, *11 (D. Nev. June 11, 2007) (Holding  that meaningful discussion means the parties
11 must present the merits of their respective positions and assess the relative strengths of each).

12        Accordingly, the request to extend deadlines is denied without prejudice.

13                              **CONCLUSION**

14        Based on the foregoing, and good cause appearing therefore,

15        **IT IS HEREBY ORDERED** that the Defendant's Emergency Motion to Compel
16 Plaintiff to Appear for His Deposition (#18) is **GRANTED in part and DENIED in part.**

17        **IT IS FURTHER ORDERED** that a Court Order compelling the Plaintiff to appear for
18 deposition is **GRANTED**.

19        **IT IS FURTHER ORDERED** that the Plaintiff must appear for deposition on **August**
20 **20, 2013**, at the time and location designated by the Defendant.

21        **IT IS FURTHER ORDERED** that the request to extend deadlines is **DENIED** without
22 prejudice.

23        **IT IS FURTHER ORDERED** that the Plaintiff must contact his counsel twice weekly
24 during normal business hours for the duration of this litigation or until he has a reliable telephone
25 number or address.

26        **IT IS FURTHER ORDERED** that the Plaintiff's counsel must log the date and time of
27 all communication with the Plaintiff for the purpose of documenting compliance with this
28 Court's Order.

1       **IT IS FURTHER ORDERED** that the Defendant shall resubmit its request for
2   sanctions, including the costs and fees associated with the two prior missed depositions and
3   bringing this motion, with appropriate documentation no later than August 15, 2013.
4       **IT IS FURTHER ORDERED** that the Plaintiff's counsel shall show cause in writing,
5   no later than August 22, 2013, why he should not be sanctioned for the two prior missed
6   depositions and bringing this motion. The Defendant may file a response no later than August 27,
7   2013, and the Plaintiff's counsel may file a reply no later than August 29, 2013.
8       DATED this  8th   day of August, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge